IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LIBERTY SURPLUS INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. |
| RACINE RAILROAD PRODUCTS, INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Liberty Surplus Insurance Corporation, by its attorneys and for its Complaint for Declaratory Judgment, alleges the following:

## PARTIES

1. Plaintiff Liberty Surplus Insurance Corporation ("Liberty") is an insurance company organized and existing under the laws of the State of New Hampshire and having its principal place of business in the State of Massachusetts.

2. Defendant Racine Railroad Products, Inc. ("Racine") is a Wisconsin corporation with its principal place of business in the State of Wisconsin.

## JURISDICTION

3. Liberty brings this action pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 and asks this Court to declare the rights and obligations of the parties herein with regard to two insurance policies Liberty issued to Racine.

4. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**FACTS**

5. Liberty issued Railroad General Liability Policy No. GLHV215033-100 to Racine for the period January 1, 2010 to January 1, 2011. A true and correct copy of Policy No. GLHV215033-100 is attached hereto as Exhibit A. Liberty also issued Railroad General Liability Policy No. GLHV215033-2 to Racine for the period January 1, 2011 to January 1, 2012. A true and correct copy of Policy No. GLHV215033-2 is attached hereto as Exhibit B. Policy No. GLHV215033-100 and Policy No. GLHV215033-2 are hereafter collectively referred to as the "Policies."

6. On or about January 31, 2011, Paul Vickers filed a Complaint against Racine and others in the Supreme Court of the State of New York in a lawsuit captioned *Vickers v. American Airlines, Inc., et al.*, Index No. 11-190041 (the "Lawsuit"). In his complaint, Vickers alleges that he was exposed to and inhaled or ingested asbestos dust, fibers, and particles during his employment as a welder with Metro North Railroad at Grand Central Station throughout his career, beginning in 1980. A true and correct copy of the *Vickers* Complaint is attached hereto as Exhibit C.

7. Vickers further alleges that each of the defendants, including Racine:

   (a) contracted for, mined, milled, processed, manufactured, designed, specified, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, installed, marketed and/or sold products, equipment, and/or components containing asbestos to which Vickers was exposed; or

   (b) are/were owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises

on which Vickers was lawfully frequenting and exposed to asbestos and asbestos contaminated air.

8. Vickers alleges that, as a result of his exposure to asbestos, he was diagnosed with mesothelioma on January 12, 2011.

9. Racine has tendered the defense of the lawsuit to Liberty.

10. Under the terms and conditions of the Policies, there is no coverage for the claims made against Racine in the Lawsuit. As such, Liberty has no duty to defend or indemnify Racine with respect to the Lawsuit.

11. An actual, present, and bona fide controversy exists between Liberty and Racine with respect to whether there is coverage under the Liberty Policies for the Lawsuit.

## **COUNT I**

12. Liberty re-alleges and incorporates by reference the allegations of Paragraphs 1 through of 11 of this Complaint.

13. Endorsement 9 to both Policies states:

This policy does not apply to, "bodily injury", "property damage", or "personal and advertising injury" arising out of or related in any way, either directly or indirectly, to:

> 1. asbestos, asbestos products, asbestos-containing materials or products, asbestos fibers or asbestos dust, including, but not limited to, manufacture, mining, use, sale, installation, removal, or distribution activities;

\*   \*   \*

14. According to the allegations in the Lawsuit, any "bodily injury" that Vickers might have suffered arose out of or is related to asbestos, asbestos products, asbestos-containing materials or products, asbestos fibers or asbestos dust. Thus, coverage is barred under the Policies for the Lawsuit.

3

15. Accordingly, Liberty has no duty to defend or indemnify Racine with respect to the Lawsuit.

## COUNT II

16. Liberty re-alleges and incorporates by reference the allegations of Paragraphs 1 through of 11 of this Complaint.

17. Endorsement 18 to both Policies states:

> This insurance does not apply to:
>
> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

18. Both Policies define the term "Pollutants" as:

> any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

19. According to the allegations in the Lawsuit, any "bodily injury" that Vickers might have suffered would not have occurred but for discharge, dispersal, seepage, migration, release or escape of irritants or contaminants. Thus, coverage is barred under the Policies for the Lawsuit.

20. Accordingly, Liberty has no duty to defend or indemnify Racine with respect to the Lawsuit.

## COUNT III

21. Liberty re-alleges and incorporates by reference the allegations of Paragraphs 1 through of 11 of this Complaint.

22. Endorsement 13 to both Policies states:

4

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" which began prior to the inception date of this policy, and which is alleged to continue into the policy period.
>
> This exclusion applies whether or not:
>
> > 1) The damage or its cause was known to any insured before the inception date of this policy;
> >
> > 2) Repeated or continued exposure to conditions causing such "bodily injury", "property damage" or "personal injury and advertising injury" occurred during the policy period or caused additional or progressive "bodily injury", "property damage" or "personal injury and advertising injury" during the policy period; or
> >
> > 3) The insured's legal obligation to pay damages was established as of the inception date of this policy.
> >
> > > This endorsement does not change any other provision of the policy.
>
> \* \* \*

23. According to the allegations in the Lawsuit, Vickers began suffering bodily injury in 1980 – prior to the inception of either Policy. Thus, coverage is barred under the Policies for the Lawsuit.

24. Accordingly, Liberty has no duty to defend or indemnify Racine with respect to the Lawsuit.

### COUNT IV

25. Liberty re-alleges and incorporates by reference the allegations of Paragraphs 1 through of 11 of this Complaint.

26. Both Liberty Policies contain the following insuring agreement:

> *COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY*
>
> *1. Insuring Agreement*
>
> > *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property*

> *damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*
>
> > \* \* \*
>
> > b. *This insurance applies to "bodily injury" and "property damage" only if:*
> >
> > > (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*
> > >
> > > (2) *The "bodily injury" or "property damage" occurs during the policy period.*

27. To the extent that Vickers did not sustain "bodily injury" that was caused by an occurrence during the policy period, the Liberty Policies do not apply and Liberty has no duty to defend or indemnify Racine with respect to the Lawsuit.

WHEREFORE, Liberty respectfully requests that the Court enter judgment:

(A) declaring that Liberty is not required to defend or indemnify Racine with respect to the Lawsuit; and

(B) awarding Liberty its costs, and attorneys' fees; and

(C) granting Liberty such other relief as this Court deems just or equitable.

Liberty demands a trial by jury for all issues so triable.

Respectfully submitted,

**LIBERTY SURPLUS INSURANCE CORPORATION**

By:    /s/ Michael T. Skoglund
      Michael T. Skoglund

Joseph P. Pozen
Michael T. Skoglund
BATES CAREY NICOLAIDES LLP
191 North Wacker Drive, Suite 2400
Chicago, Illinois 60606
Phone: (312) 762-3100
Fax: (312) 762-3200
jpozen@bcnlaw.com
mskoglund@bcnlaw.com
380190